Cameron, J:
—By the application of a positive statute the defendants have been turned out of possession of the land in question, without having the judgment of a Court of Justice on the merits of their title. Such a course is at all times to be avoided, when practicable, consistently with the laws of the land and the powers of the Courts. When the suit of a plaintiff in ejectment is dismissed by the application of the same statute, the costs which he incurs is all the evil he is subjected to. He may recommence his suit and be heard on as advantageous grounds as if his first suit had progressed to hearing on the merits. The defendant in ejectment, who is turned out of possession without a trial, if compelled to become plaintiff to assert his title, loses many advantages which he possessed as defendant in possession.
New trials instituted and established as a mean of attaining the ends of justice, were not formerly countenanced in the action of ejectment, because the injured party might bring a new ejectment. But as the Courts became more liberal, they granted new trials in ejectment where the party applying would suffer by a change of possession; as where the plaintiff has obtained a verdict, it makes a great difference to the defendant whether he has a new trial or is forced to become plaintiff in a new ejectment.
“ We should therefore,” said Lord Mansfield in the case of Clymer v. Littler, 1 Bla. Rep. 348. “ rather lean to new trials on behalf of defendants, in case of ejectments, especially on the footing of surprise.” Runnington on Ejectment, 398.
We are all of opinion, that the application of the defendant rests on higher grounds than if the cause had been tried, a verdict found for the plaintiffs, and a motion made for a new trial on the part of the defendant. Audi alteram partem, is *446 a maxim in the law, founded in justice and highly to be respected. The order of the County Court, making the defendant’s rule on the plaintiff was correct.—Judgment affirmed.